(122 So. 301)

**LAKEY v. STATE. (7 Div. 534.)**

Court of Appeals of Alabama. April 2, 1929.

Rehearing Denied May 7, 1929.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ██ Under this evidence in this case, the defendant was not entitled to the general affirmative charge. There was direct evidence tending to make out a case against him for the offense charged, that of making use of abusive, insulting, or obscene language in the presence or hearing of a woman.

██ As a part of the res gestæ, it was permissible to show that, at the time and place it was alleged that he committed the offense complained of, the defendant was drunk. The court properly instructed the jury in this connection.

 In the matter of the attempt upon the part of the state to show that defendant's witness J. D. Williams had formerly been convicted of a felony and served a term of imprisonment in the state penitentiary, the court properly sustained defendant's several objections to the questions propounded by the state and to the manner evidence of such fact was sought to be elicited. The inquiry was permissible as affecting the credibility of the witness, but the questions propounded were not proper, the court so held, and, having ruled with the defendant, he cannot here complain of these rulings. The court was under no duty to follow the insistences of defendant or to accord to the wishes or caprice of defendant by giving further instructions.

It appears that the accused was accorded a fair trial. No ruling of the court constituted reversible error. The record is regular, and the judgment of conviction appealed from will stand affirmed.

Affirmed.